# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John A. Nordberg | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 5995 | **DATE** | 1/29/2013 |
| **CASE TITLE** | Cefalu vs. Village of Glenview, *et al.* | | |

**DOCKET ENTRY TEXT**

Defendants' motion to dismiss is denied. Plaintiff's Rule 11 motion for sanctions is denied.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

Before the Court is defendants' motion to dismiss pursuant to Fed. R. Civ. Pro. 12(b)(6). The following facts are taken from the complaint and are assumed true for purposes of this ruling.

On April 15, 2011, plaintiff Rosalia Cefalu was a passenger in a car traveling on the 3700 block of E. Lake Avenue, Glenview, Illinois. (Cmplt. ¶ 10.) The defendants "stopped, detained, and seized the vehicle" without plaintiff's consent, without a warrant, and without probable cause. (¶¶ 12-14.) Officer Horn searched the car and plaintiff's belongings, which consisted of a suitcase, black bag, and purse. (¶¶ 15-16.) Horn transported plaintiff to the police station where she was imprisoned. (¶ 17.) At the station, no contraband was found in plaintiff's belongings. (¶ 18.) Defendants signed three criminal complaints for preliminary examination alleging felony drug charges against plaintiff. (*Id.*) After a hearing on a motion to dismiss, in which Cefalu prevailed, the criminal charges were dismissed on July 29, 2011. (¶ 20.) Plaintiff asserts two claims. The first is a Fourth Amendment claim under § 1983. The second is a pendent state law claim for malicious prosecution.

Defendants seek dismissal of Count I based on two arguments. First, they claim that each of the allegations in Paragraph 25 – that the "search, seizure, arrest, and incarceration" were without probable cause – must be "pled separately." (Defs. Mot. at 2.) Second, they argue that the allegations in Count I are conclusory and are "unsupported by fact." Both arguments are contained in a single paragraph and there is little explanation or case law cited.

As for Count II, defendants object that plaintiff has failed to allege that defendants did anything more than an arrest plaintiff. (*Id.* at 3.) There are no allegations, for example, that the officers gave perjured testimony, falsified evidence or committed other improper acts after the arrest. Defendants state that "it was not the officers who prosecuted the case, but instead, it was the State's Attorney." (*Id.*; emphasis in original.)

In her response brief, plaintiff provides additional facts not included in her complaint. For example, she states that the car she was traveling in was her boyfriend's, and she seems to acknowledge that some drugs were found in that car. (Pl. Resp. at 2.) She attaches copies of the criminal complaints filed against her. (*Id.*

**STATEMENT**

at 5 & Ex. B.) They indicate that the drugs were cannabis, Adderall, and cocaine. (*Id.* at 8 n.5 & Ex. B.) She suggests that the original stop was made because of a registration issue with the car and states that she was only in the car for three minutes before the car was stopped. (*Id.* at 7 n.4 & Ex. B.)

As for Count I, plaintiff asserts that the Federal Rules contain no requirement that allegations be pled separately. (*Id.* at 4-5.) On whether she has pled enough facts, she asserts that this "is a simple, clear-cut, false arrest/malicious prosecution claim, for which specificity [is] neither required nor even desirable." (*Id.* at 4.) As for Count II, plaintiff insists that she has pled all the elements of a malicious prosecution claim. To meet the element that the defendants must have "commenced" or "continued" the criminal proceedings, plaintiff attaches to her response brief copies of the three criminal complaints filed against her. (*Id.* at 11 & Ex. B.) (All three complaints appear to have been signed by only officer Rocuskie.) She further alleges that the officers had no evidence "to tie [her] to the contraband possessed by her boyfriend." (*Id.* at 12.)

In their reply brief, defendants again argue that the allegations of Count I are conclusory. For authority they cite generally to the Supreme Court's recent decisions in *Twombly* and *Iqbal*. (Defs. Reply at 2, 4-5.) Defendants complain that plaintiff has added new facts not in her complaint. Defendants briefly mention their "separately pled" argument, but they provide no authority other than a string cite to Fed. R. Civ. Pro. 8. (*Id.* at 3.) Defendants again argue that the officers did not take any actions to prosecute plaintiff, but merely signed the criminal complaints. (*Id.* at 6-7.)

After reviewing the briefs and the applicable law, we are not persuaded by defendants' arguments. First, we agree with plaintiff on the "separately pled" argument and are not aware of any such requirement. Second, as for the factual sufficiency of the allegations, it is true that *Twombly* and *Iqbal* now require enough facts to convey a plausible "story that holds together." (Pl. Resp. at 3, *citing Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010).) However, we agree with plaintiff that these allegations are sufficient, especially with the added detail included in the response brief. This was a traffic stop allegedly made without probable cause. The complaint identifies the place and time of the stop. Defendants at one point complain that no allegations are made against Officer Rocuskie. (Defs. Reply at 4.) However, according to the criminal complaints attached to plaintiff's response brief, they were all signed by Rocuskie.

Defendants' argument that Count II is insufficient is likewise unpersuasive. The only real issue is whether the allegations can establish that the two individual officers commenced or initiated the legal proceedings. Neither side has cited to much case law to support their respective positions, nor has either side set forth a thorough summary of the relevant law. Here is a good recent summary of the commencement requirement for a malicious prosecution claim:

> Under Illinois law, it is not necessary to show that the defendants signed the plaintiff's complaint or were involved in the plaintiff's subsequent prosecution. *See, e.g., Frye v. O'Neill*, 166 Ill.App.3d 963, 117 Ill.Dec. 882, 520 N.E.2d 1233, 1240 (Ill. App. Ct. 1988) ("Liability for malicious criminal prosecution is not confined to situations where the defendant signed a complaint against the plaintiff."). Rather, a defendant may be held liable for malicious prosecution if he "initiated the criminal proceeding" or his participation in [the] proceeding had "so active and positive a character as to amount to advice and cooperation." *Id.*

*Drain v. Barbee*, 2011 WL 3489874, *6 (N.D. Ill. Aug. 9, 2011) (addressing a summary judgment motion and not a motion to dismiss).

Applying this standard here, we cannot conclude as a matter of law that the two officers' alleged conduct fails to meet this standard. As noted above, Officer Rocuskie signed the three criminal complaints. *See* Pl. Resp., Ex. B; s*ee, e.g., Armstrong v. Maloney*, 2012 WL 567427, *10 (N.D. Ill. Feb. 21, 2012) ("[plaintiff] correctly argues that because Officer Maloney prepared and signed a misdemeanor complaint, and the Cook County State's attorney relied on that complaint in charging her, Officer Maloney did commence the

**STATEMENT**

proceedings."). Although Officer Horn apparently did not sign the criminal complaints (contrary to the allegations in the complaint, *see* ¶ 19), he is alleged to have been involved in the traffic stop and to have known that there was no basis for connecting the illegal drugs to plaintiff. This allegation, if amplified with more facts developed through discovery, could eventually show that his participation was so active as to satisfy the commencement standard articulated above. For the reasons stated above, the motion to dismiss is denied.

After briefing on the above motion, plaintiff filed a Rule 11 motion for sanctions (Dkt. # 16). When this motion was noticed up, we indicated that we would determine whether briefing would be required after ruling on the motion to dismiss. We now conclude that briefing is unnecessary because we find that sanctions are not warranted. Although the arguments raised by defendants were not strong, we do not find them sanctionable. On Count I, defendants' main argument was the factual sufficiency of the allegations. After *Twombly* and *Iqbal*, it is not always clear how much factual detail is sufficient. Here, to bolster her arguments, plaintiff introduced a number of additional facts in her response brief. As noted above, the "separately pled" argument was neither explained well nor supported by much authority; however, this argument was a small part of the motion and in some ways was intertwined with the factual sufficiency argument. Defendants' argument on Count II was again not especially strong. Still, there were questions from the initial complaint about the roles of the individual officers. Paragraph 19 of the complaint stated that the "defendants" signed the criminal complaints (thus suggesting it was both officers), but the documents later submitted by plaintiff seem to indicate that Officer Horn did not sign them. In sum, we find that further analysis of these questions through additional briefing (which would be necessary if we were to consider imposing sanctions) would be counter-productive, driving up the cost and delaying matters. Plaintiff's concerns about the quality of defendants' arguments have been noted herein.