IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ROSALIA CEFALU | ) | |
| | ) | |
| Plaintiff, | ) | No. 12 C 5995 |
| | ) | |
| v. | ) | Hon. Michael T. Mason |
| | ) | |
| VILLAGE OF GLENVIEW, ET AL | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court are plaintiff Rosalia Cefalu's ("plaintiff") motions in limine [48, 49] and renewed motion to compel [43], and defendants Village of Glenview, Officers James Rocuskie and Officer James Horn's ("defendants") motions in limine [45, 46, 47]. For the reasons set forth below, plaintiff's Motion in Limine No. 1 to Bar Evidence that Plaintiff and Co-Arrestee Met with an Attorney at the Glenview Police Station [48] is granted; plaintiff's Motion in Limine No. 2 to Bar Certain Evidence Related to Ronald Allen's Criminal History [49] is granted in part and denied in part; and plaintiff's Renewed Motion to Compel Answers to Interrogatory No. 13 [43] is granted. Defendants' Motion in Limine No. 1 to Bar Evidence of Lost Wages and Legal Bills [45] is denied; defendants' Motion in Limine No. 2 to Bar Plaintiff from Disclosing the Private Financial Matters of the Individual Defendants or in the Alternative to Bar Disclosure of Net Worth Until Such Time as Those Issues Survive Motion for Directed Verdict [46] is granted in part; and defendant's Motion in Limine No. 3 to Bar Plaintiff From Raising by Inference or Otherwise that Defendants Published Newspaper Articles About Her [47] is

1

denied.

I.  **BACKGROUND**

According to the allegations in the complaint, on April 15, 2011, plaintiff was a passenger in a car traveling on the 3700 block of E. Lake Avenue, Glenview, Illinois. The defendants "stopped, detained, and seized the vehicle" without plaintiff's consent, without a warrant, and without probable cause.  Officer Horn searched the car and plaintiff's belongings, which consisted of a suitcase, black bag, and purse.  Horn transported plaintiff to the police station where she was imprisoned.  At the station, no contraband was found in plaintiff's belongings.  Felony drug charges were then brought against plaintiff.  Plaintiff prevailed at a hearing on a motion to dismiss, and the criminal charges were dismissed on July 29, 2011.  Plaintiff now asserts two claims.  The first is a Fourth Amendment claim under § 1983.  The second is a pendent state law claim for malicious prosecution.  She is seeking both compensatory and punitive damages.

II.  **LEGAL STANDARD**

This Court has broad discretion in ruling on evidentiary questions presented before trial.  *Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002).  The power to exclude evidence in limine derives from this Court's authority to manage trials. *Luce v. United States*, 469 U.S. 38, 41 n. 4, 105 S. Ct. 460 (1984).  Evidence should be excluded in limine only where it is clearly inadmissible on all potential grounds. *Hawthorne Partners v. AT&T Techs., Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993). "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Id.*  Thus, the party moving to exclude evidence in limine has the

burden of establishing that the evidence is not admissible for any purpose. *Hillard v. City of Chicago*, No. 09-2017, 2010 WL 1664941, at *1 (N.D. Ill. Apr. 23, 2010). "Denial of a motion in limine does not mean that all evidence contemplated by the motion will be admitted at trial." *Id.* Rather, denial means the court cannot determine whether the evidence in question should be excluded outside of the trial context. *Id.* Accordingly, this Court will entertain objections as they arise at trial, even if the proffer falls within the scope of a denied motion in limine. *Hawthorne,* 831 F. Supp. at 1401 (*citing United States v. Connelly*, 874 F. 2d 412, 416 (7th Cir. 1989)). With these guidelines in mind, we turn to the motions before this Court.

## III. DISCUSSION

### A. Plaintiff's Motion in Limine No. 1 Regarding Evidence That She and Her Co-Arrestee Met With An Attorney

Plaintiff first asks this Court to bar reference to evidence that plaintiff and co-arrestee Ronald Allen (who was driving the vehicle) met with an attorney at the Glenview Police station shortly after their arrest. Plaintiff argues that this fact would be prejudicial and could distract or confuse the jury. Defendants argue that this evidence should be admissible because it is relevant to their affirmative defenses and the issue of whether there was probable cause to arrest and file charges against plaintiff.

We agree with plaintiff that evidence of their decision to meet with counsel after their arrest would indeed be prejudicial to plaintiff. The fact that she and Allen followed counsel's advice to assert their Fifth Amendment right to have counsel present should not be held against them. As such, plaintiff's motion in limine on this subject is granted. Defendants are precluded from referring to the fact that plaintiff and Allen requested to

3

speak with an attorney shortly after their arrest.

> **B.  Plaintiff's Motion in Limine No. 2 to Bar Evidence Related to Ronald Allen's Criminal History**

Plaintiff's Motion in Limine No. 2 seeks to bar evidence or testimony related to Ronald Allen's criminal history.  As explained above, Allen was driving the vehicle in which plaintiff was a passenger and he was arrested along with plaintiff.  Allen will be testifying in person at the trial and he is currently in the custody of the Illinois Department of Corrections.  He has two prior convictions for drug possession and one prior conviction for felony possession of a weapon.  Plaintiff argues that the specific titles of the crimes of which he has been convicted will be prejudicial and will "potentially hinder the jury's ability to focus [on] Mr. Allen's credibility regarding... [plaintiff's] false arrest and malicious prosecution."  She asserts that the jury may deny her an award because they are appalled by Allen's prior conduct.  Defendants argue that because Allen was plaintiff's boyfriend, his prior drug convictions are relevant to the issue of whether she knew about drugs in the vehicle at the time of the search.  Defendants also argue that convictions are proper impeachment evidence.

The Federal Rules of Evidence provide the framework for determining the admissibility of prior bad acts.  Under Rule 609(a)(1), the Court may admit evidence of a witness's prior felony convictions in order to impeach the credibility of that witness, but only after the Court has applied the test in Rule 403 and balanced the probative value of the evidence against the risk of unfair prejudice to the witness.  Fed. R. Evid. 609(a)(1).  Thus, under Rule 403, even though evidence may be relevant, courts may still exclude it if its probative value is substantially outweighed by the danger of unfair prejudice.

4

*Romanelli v. Suliene*, 615 F.3d 847, 854 (7th Cir. 2010). The Court has broad discretion in making this determination. *Anderson v. City of Chicago,* No. 09-2311, 2010 WL 4928875, at *1 (N.D. Ill. Nov. 30, 2010).

Here, we find that Allen's prior drug convictions are highly probative to the issues in this case because his credibility is a central issue. Aside from plaintiff and defendants, Allen is the only witness who was present at the time of the traffic stop that led to plaintiff's arrest, and Allen's testimony will undoubtedly conflict with the testimony of the defendants. Therefore, under the "substantial hurdle" of Rule 403, Allen's credibility is of sufficient probative value to outweigh the risks of prejudice. *See, e.g.,Thompson v. Martin*, No. 08-309, 2011 WL 1938169, at *2 (N.D. Ind. May 20, 2011) (admitting evidence of prior convictions where witness's credibility was key issue in trial). However, we also agree with plaintiff that Allen's felony possession of a weapon conviction could unnecessarily inflame the jury. Therefore, we will only allow defendants to use the drug convictions for impeachment, and any reference to the weapons conviction will be barred. We also note that "the conclusion that evidence is admissible for purposes of impeachment does not mean that such evidence is necessarily admissible for other purposes." *Thompson,* 2011 WL 1938169, at *2. Should defendants seek to use Allen's prior drug convictions for any purpose other than impeachment at trial, they should request a side bar before doing so and the Court will reserve ruling on whether the use is proper at that time.

Plaintiff also moves to bar evidence of Allen's arrests (with no subsequent conviction) on the grounds that they are immaterial, prejudicial, irrelevant and improper impeachment evidence. As a general rule, "a witness's credibility may not be

impeached by evidence of his or her prior arrests, accusations, or charges." *Barber v. City of Chicago,* 725 F.3d 702, 709 (7th Cir. 2013). "This rule is based upon a clear recognition of the fact that the probative value of such evidence is so overwhelmingly outweighed by its inevitable tendency to inflame and prejudice the jury against the party-witness that total and complete exclusion is required in order that the right to trial by a fair and impartial jury may not be impaired." *Id.* In some circumstances "it may be proper to impeach a witness with evidence of a prior arrest, for instance, to establish the witness's bias." *Id; see also Thompson,* 2011 WL 1938169, at *2. In this case, however, defendants have not offered any argument regarding Allen's bias towards law enforcement, nor have they given us any other basis on which to allow these arrests to be used at trial. Therefore, we will grant plaintiff's request to bar evidence of Allen's prior arrests that did not result in a conviction.

### C. Plaintiff's Renewed Motion to Compel Interrogatory No. 13

On June 21, 2013, plaintiff filed a motion to compel [28] defendants to respond to Interrogatory No. 13, which seeks the individual defendants' financial information. At that time, this Court denied plaintiff's motion without prejudice on the grounds that discovery of that information was premature [31]. We noted that although a party's net worth is discoverable where punitive damages are at issue, the production of this information could be postponed in circumstances such as these, where the issue of qualified immunity had not yet been resolved and the plaintiff's punitive damages claim was based solely on broad allegations that the officers' conduct was wilful, malicious and oppressive. (*See Order* [31], *citing Finch v. City of Indianapolis,* No. 08-432, 2011 WL 2516242, at *4 (S.D. Ind. June 23, 2011) and *Lanigan v. Babusch,* No. 11-3266,

6

2011 WL 5118301, at *3-4 (N.D. Ill. Oct. 27, 2011)). At this point, however, the deadline for dispositive motions has passed, and defendants have not moved for summary judgment on the issue of qualified immunity. Plaintiff has also noted additional facts in her motion, beyond the conclusory allegations in the complaint, that could support her claim for punitive damages. As a result, we believe that plaintiff is now entitled to the discovery of the individual defendants' net worth. Plaintiff's renewed motion to compel is granted, and defendants are to produce the information in response to Interrogatory No. 13 by November 8, 2013.

   D.   **Defendants' Motions in Limine No. 1 To Bar Evidence of Lost Wages and Legal Bills**

In their first motion in limine, defendants seek to bar any reference to plaintiff's lost wages and to the legal bills plaintiff incurred defending the felony criminal charges. In her response to defendants' motion, plaintiff states that she is not claiming damages for lost wages for time off work. Therefore, because plaintiff will not be submitting any evidence of lost wages, this portion of defendants' motion is denied as moot.

With respect to her legal bills, plaintiff states that she paid her criminal defense attorney $3,000 in connection with having the criminal charges dismissed. We agree with plaintiff that these fees are relevant to her damages claim and we will allow her to introduce evidence of these damages at trial. We also agree with plaintiff that she has provided defendants with adequate detail regarding the fees in the course of discovery. Therefore, we deny this portion of defendants' Motion in Limine no. 1 as well.

   E.   **Defendants' Motions in Limine No. 2 To Bar Plaintiff From Disclosing Private Financial Materials of the Individual Defendants or to Bar Disclosure of Net Worth Until After Motion for Directed Verdict**

7

In defendants' Motion in Limine No. 2, they seek to bar plaintiff from introducing evidence of the individual defendants' net worth or other financial information until such time as the individual defendants are proven to be liable for the allegations which give rise to a potential claim for punitive damages. Defendants' motion is granted. We agree with plaintiff that a defendant's financial information is relevant to the issue of punitive damages, and as discussed above, plaintiff is entitled to the discovery of this information at this time. However, the Court will bar plaintiff from introducing this information at trial until the jury has made a determination of defendants' liability.

### F. Defendants' Motions in Limine No. 3 To Bar Plaintiff From Raising By Inference That Defendants Published Newspaper Articles About Her

In their last motion, defendants seek to bar plaintiff from introducing evidence that defendants or their agents published newspaper articles about her arrest. Defendants argue that the police department did not write any of the articles, and it is bound by the Freedom of Information Act to release information about local arrests. Defendants also assert this evidence would be prejudicial to defendants' case.

In response, plaintiff argues that evidence of these articles is highly relevant to her damages in this case because it demonstrates that her unlawful arrest caused her to suffer damage to her reputation. She also argues that even if this information is required under the Freedom of Information Act, defendants knew or should have known that there was no probable cause on which to base her arrest.

We agree with plaintiff that the fact that newspaper articles were published is relevant to the damages she claims to have suffered as a result of the false arrest and malicious prosecution. With proper foundation, plaintiff will be permitted to refer to this

8

evidence at trial. As a result, defendants' Motion in Limine No. 3 is denied.

IV. CONCLUSION

For the reasons set forth above, plaintiff's Motion in Limine No. 1 to Bar Evidence that Plaintiff and Co-Arrestee Met with an Attorney at the Glenview Police Station [48] is granted; plaintiff's Motion in Limine No. 2 to Bar Certain Evidence Related to Ronald Allen's Criminal History [49] is granted in part and denied in part; and plaintiff's Renewed Motion to Compel Answers to Interrogatory No. 13 [43] is granted. Defendants' Motion in Limine No. 1 to Bar Evidence of Lost Wages and Legal Bills [45] is denied; defendants' Motion in Limine No. 2 to Bar Plaintiff from Disclosing the Private Financial Matters of the Individual Defendants or in the Alternative to Bar Disclosure of Net Worth Until Such Time as Those Issues Survive Motion for Directed Verdict [46] is granted in part; and defendant's Motion in Limine No. 3 to Bar Plaintiff From Raising By Inference or Otherwise that Defendants Published Newspaper Articles About Her [47] is denied. It is so ordered.

                                        **ENTERED:**

                                        **MICHAEL T. MASON**
                                        **United States Magistrate Judge**

**Dated: November 1, 2013**